IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00193-MR-DLH

| | | |
|---|---|---|
| TERESA ANN HENSLEY, Administrator of the Estate of David Lee Hensley, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **O R D E R** |
| BOBBY R. SUTTLES, Individually and in his Official Capacity as former Sheriff of Haywood County, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Seal [Doc. 41].

The Defendants move for leave to file under seal the document referenced as Exhibit B to the Affidavit of Chad Thompson filed in support of the Defendants' Motion for Summary Judgment. The Defendants represent that Exhibit B consists of a document contained in an SBI file which was produced to the parties pursuant to a protective order [Doc. 37].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749

F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The Defendants filed their motion on December 1, 2015, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the

Defendants have demonstrated that the documents at issue contain confidential information produced to the parties pursuant to a protective order, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the confidentiality of this document.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Seal [Doc. 41] is **GRANTED**, and the Defendants shall be permitted to file Exhibit B to the Affidavit of Chad Thompson under seal.

**IT IS SO ORDERED.**

Signed: December 3, 2015

Martin Reidinger
United States District Judge