IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00193-MR-DLH

| | |
|---|---|
| TERESA ANN HENSLEY, Administrator of the Estate of David Lee Hensley, H.H., a minor, by and through her parent and next friend, THERESA ANN HENSLEY as General Guardian, RACHELLE FERGUSON, Individually, STATE OF NORTH CAROLINA EX REL., Estate of David Lee Hensley, H.H., and Rachelle Ferguson, <br><br>　　　　　　Plaintiffs, <br><br>　vs. <br><br>BOBBY R. SUTTLES, individually and in his official capacity as former Sheriff of Haywood County, LARRY BRYSON, individually and in his official capacity as Deputy of the Haywood County Sheriff's Department, DAVID MITCHELL, individually and in his official capacity as Patrol Captain of the Haywood County Sheriff's Department, MICHAEL SCOTT PRICE, individually and in his official capacity as Lieutenant of the Haywood County Sheriff's Department, KEITH ALLEN BEASLEY, individually and in his official capacity as Deputy Sheriff of the Haywood County Sheriff's Department, THE OHIO CASUALTY INSURANCE COMPANY, and WEST AMERICAN INSURANCE COMPANY, Corporate sureties on the official bond of the Sheriff of Haywood County, <br><br>　　　　　　Defendants. | **ORDER OF STAY** |

**THIS MATTER** is before the Court on the Defendants' motion for stay pending appeal. [Doc. 52].

On March 9, 2016, the Court entered an Order granting in part and denying in part Defendants' Motion for Summary Judgment. [Doc. 50]. In their summary judgment motion, all of the law enforcement Defendants had argued that they were entitled to judgment as a matter of law based upon their assertion of qualified immunity. As stated in the Order, the Court denied Defendants' Motion for Summary Judgment as to Defendants Price and Beasley on Plaintiffs' First, Third, Fourth, Sixth and Eight Causes of Action and as to Defendants The Ohio Casualty Insurance Company and West American Insurance Company on Plaintiffs' Seventh Cause of Action. [Id.]. The Court granted Defendants' Motion for Summary Judgment as to all of Plaintiffs' claims asserted against Defendants Suttles, Bryson, and Mitchell as well as to the Plaintiffs' Second Cause of Action asserted against all Defendants. [Id.].

Defendants filed a notice of appeal on March 18, 2016. [Doc. 52 at 3]. Defendants are seeking appellate review of this Court's Order denying their summary judgment motion on qualified immunity grounds. [Id.]. The defense of qualified immunity is designed not only to protect government officials from liability for money damages, but also to allow officials to avoid

2

the burdens attendant to a lawsuit. Qualified immunity, therefore, "is immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). As such, questions of law pertaining to qualified immunity are immediately appealable. Johnson v. Jones, 515 U.S. 304 (1995); Parrish v. Cleveland, 372 F.3d 294, 301 (4th Cir. 2004). But here, whether Defendants Price and Beasley are entitled to qualified immunity is dependent upon factual findings which ultimately must be made by a jury. Even though Defendants Price and Beasley are appealing the Court's qualified immunity ruling, they concede as much: "Defendants do not challenge the Court's findings [sic] as to [the] Factual Background but rather contend that the findings and the evidence of record do not support the legal conclusions made by the Court." [Doc. 53 at 4].[1] As such, at least part of this case is clearly not subject to such appeal. However, staying this matter pending the Fourth Circuit's resolution of the appeal by Defendants Price and Beasley will best serve the interests of judicial economy by this Court having to conduct only one jury trial and otherwise avoiding piecemeal litigation. Defendants represent to the Court that Plaintiffs do not oppose

---

[1] On a motion for summary judgment the Court makes no findings of fact. The determination is only of the factual scenario that would be supported by the forecast of evidence taken in the light most favorable to the non-moving party. Apparently the appealing Defendants contend that such factual scenario, as a matter of law, would still entitle them to a dismissal of this case based on qualified immunity.

3

their motion to stay. [Doc. 52 at 4]. For these reasons, the Court will grant the Defendants' stay motion and hold this case in abeyance until the resolution of their appeal by the Fourth Circuit.

Accordingly, **IT IS, THEREFORE, ORDERED** that this action is hereby **STAYED** until further Order of the Court.

**IT IS SO ORDERED.**

Signed: March 30, 2016

Martin Reidinger
United States District Judge