**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00193-MR-DLH**

| | |
|---|---|
| TERESA ANN HENSLEY, Administrator of the Estate of David Lee Hensley, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>)<br>) |
| BOBBY R. SUTTLES, Individually and in his Official Capacity as former Sheriff of Haywood County, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## JUDGMENT

**THIS MATTER** came on for trial and was heard by the undersigned judge, and a jury was duly empaneled and has answered the issues presented as follows:

1. Were Defendant Michael Price's actions objectively reasonable?

    Answer: YES

2. Were Defendant Keith Beasley's actions objectively reasonable?

    Answer: YES

Based on the foregoing facts as found by the jury, the Court concludes as a matter of law that the Defendant Saralyn Price, Administrator of the

Estate of Michael Scott Price, and Defendant Keith Allen Beasley are entitled to qualified immunity with regard to the Plaintiffs' claims pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Likewise, the Court concludes as a matter of law that the jury's findings preclude liability on the Plaintiffs' state law claims. An element of each of the Plaintiffs' claims pursuant to state law is that a public official defendant acted willfully, wantonly, maliciously or outside the scope of his official duties. A finding of objectively reasonable conduct on the part of each of the Defendants precludes any possible finding in favor of the Plaintiffs regarding this element. Moreover, the Court concludes that this entitles the Defendants to public official immunity pursuant to state law.[1]

The Court previously entered an Order granting summary judgment in favor of the Defendants on the Plaintiffs' claims for intentional infliction of emotional distress, as well as the Plaintiffs' claims against Defendants Bobby R. Suttles, Larry Byrson, and David Mitchell, and these claims will be

---

[1] At the close of all the evidence, the Court granted the Defendants' motions pursuant to Rule 50 of the Federal Rules of Civil Procedure to dismiss the claims of Plaintiff Haley Hensley for negligent infliction of emotional distress based on the failure of the Plaintiff to adduce evidence of the requisite emotional distress. The jury's findings regarding objective reasonableness would also negate any finding in favor of Haley Hensley on said claims regarding the element requiring the Defendants' actions to be willful, wanton, malicious or outside the scope of official duties. Therefore, these claims are subject to dismissal for this reason as well.

dismissed. Further, the Plaintiffs have agreed to the dismissal of their claims against the John Doe Defendants, and these claims will also be dismissed.

Finally, because the Court has dismissed all the Plaintiffs' tort claims, the Plaintiffs' claims against The Ohio Casualty Insurance Company and West American Insurance Company, as sureties on the Haywood County Sheriff's statutory bond, will also be dismissed.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Plaintiffs shall recover nothing from the Defendants in the form of damages.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this action is **DISMISSED WITH PREJUDCE** in its entirety, and the Defendants shall recover their costs of the action from the Plaintiffs.

Signed: September 26, 2018

Martin Reidinger
United States District Judge