IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:14-cv-00193-MR-DLH

| | |
|---|---|
| TERESA ANN HENSLEY, Administrator of the Estate of David Lee Hensley, HAILEY HENSLEY, and RACHELLE FERGUSON, ) ) ) ) ) Plaintiffs, ) ) vs. ) ) SARALYNN PRICE, Administrator of the Estate of MICHAEL SCOTT PRICE, and KEITH ALLEN BEASLEY, individually, ) ) ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' "Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedure for a Judgment Not Withstanding the Verdict or in the Alternitive [sic] for a New Trial, Rule 50(b)" [Doc. 110].

I.  **BACKGROUND**

Deputies Michael Price and Keith Beasley (collectively, the "Defendants"[1]), both employees of the Haywood County, North Carolina,

---

[1] Michael Price died during the pendency of this action. Saralynn Price, the administrator of his estate, was substituted as a party defendant. For ease of reference, the Court will refer to Deputy Price as one of the Defendants.

Sheriff's Department, shot and killed David Hensley ("the decedent") outside his home on the morning of August 9, 2012. The Plaintiffs – the decedent's widow and his two daughters -- brought suit against the Defendants in both their individual and official capacities under 42 U.S.C. § 1983 and North Carolina law. After the Defendants' motion for qualified immunity was denied [see Doc. 57], this case proceeded to a jury trial. On September 20, 2018, the jury returned a special verdict, finding that the Defendants' actions were objectively reasonable. [Doc. 107]. Based on the jury's factual findings, the Court entered a Judgment in favor of the Defendants with respect to all the Plaintiffs' claims. [Doc. 108].

The Plaintiffs now move for a judgment notwithstanding the verdict or, alternatively, for a new trial. [Doc. 110]. The Defendants oppose the Plaintiffs' motion. [Doc. 112].

## II. DISCUSSION

### A. Motion for Judgment as a Matter of Law

Rule 50 of the Federal Rules of Civil Procedure provides that a party may move for judgment as a matter of law if the non-moving party "has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-moving] party on that issue…." Fed. R. Civ. P. 50(a)(1). A motion for

judgment as a matter of law may be made at any time prior to the submission of the case to the jury.  Fed. R. Civ. P. 50(a)(2).  A party may file a renewed motion for judgment as a matter of law within 28 days after the entry of judgment.  Fed. R. Civ. P. 50(b).

A party's failure to move for judgment as a matter of law at trial generally precludes any post-verdict motion under Rule 50(b).  See Price v. City of Charlotte, 93 F.3d 1241, 1249 (4th Cir. 1996) ("[A] Rule 50(a) motion is a prerequisite to a Rule 50(b) motion because the [moving party] must apprise the district court of the alleged insufficiency of [the non-moving party's] suit before the case is submitted to the jury."); Gilreath v. Cumberland Cty. Bd. of Educ., 304 F.R.D. 481, 483 (E.D.N.C. 2015) ("Generally, a plaintiff cannot renew a Rule 50 motion that was never made."), aff'd, 627 F. App'x 271 (4th Cir. 2016).  Absent a showing of plain error or manifest injustice, the Court will not review the sufficiency of the evidence under Rule 50(b) "because implicit in the [Plaintiffs'] failure to move for judgment as a matter of law is the belief that the evidence created a jury issue, and the [Plaintiffs] should not be permitted on appeal to impute error to the trial judge for sharing that view."  Price, 93 F.3d at 1249 (citation and internal quotation marks omitted).

Here, the Plaintiffs never moved for relief under Rule 50(a) prior to submission of the case to the jury. Thus, they are precluded from asserting a Rule 50(b) motion at this stage of the proceedings unless they can demonstrate that plain error or manifest injustice would result if the sufficiency of the evidence were not reviewed. The Plaintiffs' argument fails in both respects. The Plaintiffs concede that both Defendants testified that the decedent pointed a gun at Deputy Beasley at the time of the shooting. That evidence alone is sufficient to support the jury's verdict and to defeat the Plaintiffs' motion for judgment as a matter of law. In the broader context of all the evidence, the decedent first pointed his gun at Deputy Beasley when the decedent initially exited the home; the decedent then hit his daughter Rachelle in the head with the gun when his daughters tried to take the gun away from him; thereafter the decedent pointed his long-nose revolver at Beasley a second time from a close distance, which resulted in the decedent being shot. In short, there was ample evidence presented to support the jury's conclusion that the Defendants' use of deadly force was objectively reasonable under the totality of the circumstances.[2]

---

[2] In their argument, the Plaintiffs seem to conflate the Rule 59 standard for a new trial (contrary to the weight of the evidence) with the Rule 50 standard of insufficiency of the evidence to sustain the verdict. The Plaintiffs' burden with respect to a Rule 50 motion is particularly difficult in light of the fact that the Plaintiffs had the burden of proof at trial.

4

For all these reasons, the Plaintiffs' motion for a judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure is denied.

**B.     Rule 59 Motion**

Under Rule 59 of the Federal Rules of Civil Procedure, the Court may set aside a verdict and grant a new trial if the Court is of the opinion that the verdict (1) "is against the clear weight of the evidence"; (2) "is based upon evidence which is false"; or (3) "will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. and Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350, 352-53 (4th Cir. 1941)); Fed. R. Civ. P. 59(a)(1) (stating that court may set aside jury verdict "for any reason for which a new trial has heretofore been granted in an action at law in federal court"). In reviewing a motion for new trial, the Court is permitted to weigh the evidence and consider the credibility of the witnesses. Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998). The decision to grant or deny a new trial is a matter within the Court's sound discretion. See id.

---

The jury could have found for the Defendants simply because they didn't believe the Plaintiffs' evidence.

5

While the Plaintiffs' Motion is not a model of clarity, the Plaintiffs appear to contend that a new trial is warranted because the jury's verdict was against the clear weight of the evidence and was based upon false evidence. The Court addresses each of these arguments in turn.

The Plaintiffs first contend that "the clear weight of the evidence supports [a finding] that the decedent did not have the firearm in his right hand extended as claimed by the Defendants" and that "[t]he facts clearly support the Plaintiffs['] contention that the gun was to the [decedent's] left side pointed down" at the time that the Defendants began firing at the decedent. [Doc. 111 at 4]. Indeed, the Plaintiffs go so far as to argue that the location of the gun in the decedent's left hand was "uncontroverted." [Id. at 2-3].

It appears that, in the Plaintiffs' view, if the gun was in the decedent's left hand, then he could not have posed an imminent risk of serious harm to anyone and, thus, the use of deadly force was unreasonable. However, even if the decedent had the gun in his left hand, the jury could still have reasonably found that he posed an imminent threat to the officers. A gun pointed with the left hand poses as great a threat as one pointed with the right. The more relevant inquiry is whether there was evidence showing that the decedent was pointing the gun at the officers as he approached rather

than pointing the barrel of the gun down at the ground. The Plaintiffs appear to argue in their brief that it is *established* that the gun was pointed down. However, the Plaintiffs offered *no evidence* at trial to support such a finding. The Defendants, on the other hand, testified that the gun was pointed at Deputy Beasley.

Once again, an examination of the broader record show that it does not support the Plaintiffs' argument. The decedent's daughters testified that after the Defendants arrived on the scene, the decedent came out of the house onto the porch holding a gun. The daughters tried unsuccessfully to wrestle the gun away from the decedent. The decedent ended up striking his daughter Rachelle in the head with the gun. At that time, the gun was in his right hand. The decedent then walked down off the porch and started walking toward the driveway. The decedent's daughters were unable to see what was in his left hand, but they both testified that he had nothing in his right hand as he approached Deputy Beasley. The Defendants, however, both testified that as the decedent approached, he was holding the gun in his right hand and that with his left hand he was "manipulating, cocking, fanning the hammer" [Beasley Trial Testimony, Doc. 109 at 29] or "doing

7

something" with the top of the gun [Price Dep. at 71].[3] As such, the verdict was not contrary to the greater weight of the evidence.

The Plaintiffs next argue that the Defendants' testimony should be discounted because it was refuted by the photographic evidence. There was, however, no photograph of Hensley at the time of the shooting. The photographs introduced at trial show that when the decedent fell, the gun ended up underneath him. Based on these photographs, the Plaintiffs argued a rather tenuous inference to the jury that the gun was not in the decedent's right hand when he was shot. Photographs showing where the gun was found, however, shed little (if any) light on the issue of what hand the gun was in before it was dropped. The photographs are certainly not conclusive as to this point. There was conflicting evidence on this issue, and the jury was well within its province to find as it did and to conclude that the Defendants had probable cause to believe that the decedent presented an imminent risk of serious physical harm. The Court cannot say that the jury's determination in this regard was against the great weight of the evidence.

---

[3] The parties did not order a full transcript of the trial proceedings. Only Defendant Beasley's testimony was transcribed. [See Doc. 109]. However, Defendant Price's testimony was presented by way of deposition, and thus the Court is able to cite directly to that transcript as well.

As a second grounds for a new trial, the Plaintiffs argue that the testimony regarding the proper use of deadly force provided by the Defendants' expert, Chad Thompson, was contrary to the holding of Tennessee v. Garner, 471 U.S. 1 (1985), and its progeny and therefore constituted false evidence that misled the jury.  In so arguing, the Plaintiffs rely on a series of answers given by Thompson in response to questioning by the *Plaintiffs'* counsel during cross-examination.  The Plaintiffs' counsel, having elicited this testimony, did not object to it.  Neither did he move to strike any of Thompson's answers or seek a curative instruction to be given to the jury.  The Plaintiffs cannot now seek a new trial based upon testimony put before the jury by their own counsel.  See Davis v. MPW Indus. Servs., Inc., 535 F. App'x 220, 222 (4th Cir. 2013).

Even if the Plaintiffs had not waived this argument, the Court finds it to be without merit.  In order to receive a new trial based on allegedly false testimony, a party must show that without the false testimony, the jury "might have reached a different conclusion."  Musick v. Dorel Juvenile Group, Inc., 847 F. Supp. 2d 887, 895 (W.D. Va. 2012), aff'd, 514 F. App'x 389 (2013).  Here, the Plaintiffs complain that the Defendants' expert was incorrect in his explanation of the applicable legal standard.  Any such error in this regard, however, was harmless, as the Court correctly instructed the jury on the

applicable law regarding the use of deadly force at the conclusion of the case.

For all these reasons, the Court concludes that the Plaintiffs' request for a judgment notwithstanding the verdict or, alternatively, for a new trial should be denied.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' "Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedure for a Judgment Not Withstanding the Verdict or in the Alternitive [sic] for a New Trial, Rule 50(b)" [Doc. 110] is **DENIED**.

**IT IS SO ORDERED.**   Signed: June 24, 2019

Martin Reidinger
United States District Judge